## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| **CUSTOM-PAK, INC.,** | **Case No. 1:25-cv-20959-DPG** |
| **Plaintiff,** | |
| vs. | |
| **BALBOA SUN, LLC; ANGEL R. RODRIGUEZ; MARIA MERCEDES RODRIGUEZ; and SHARY CABRERA,** | |
| **Defendants.** | |

**ANSWER AND AFFIRMATIVE DEFENSES  TO THE COMPLAINT** [1]

Defendants Balboa Sun, LLC, Angel R. Rodriguez, Maria Mercedes Rodriguez, and Shary Cabrera, by and through undersigned counsel, in accordance with Rule 12 of the Federal Rule of Civil Procedure files this Answer and Affirmative Defenses by corresponding numbered paragraphs as follows:

1.     Admitted for jurisdictional purposes only.

2.     Admitted.

3.     Defendants have no knowledge regarding Plaintiff's corporate formation. The remaining allegations in ¶ 3 the rear are admitted.

---

[1] Plaintiff's counsel requested that Defendants file the instant responsive pleading by Monday, May 12, 2025 following unsuccessful settlement discussions between the parties.

4.      Admitted.

5.      Admitted.

6.      Denied.

7.      Denied.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     This paragraph calls for a legal conclusion and is therefore denied.

18.     This paragraph calls for a legal conclusion and is therefore denied.

19.     Admitted.

20.     Denied.

21.     Denied.

22.     Denied.

23.    Denied.

24.    Denied.

25.    Admitted that ¶ 25 accurately recites language on the face of

Plaintiff's invoices.

26.    Denied.

27.    Defendants reincorporate each and every response to the

allegations set forth in paragraphs 1 to 26.

28.    Paragraph 28 calls for a legal conclusion and is therefore denied.

29.    Paragraph 29 calls for a legal conclusion and is therefore denied.

30.    Denied

31.    Defendants reincorporate each and every response to the

allegations set forth in paragraphs 1 to 30.

32.    Admitted.

33.    Admitted.

34.    Paragraph 34 calls for a legal conclusion and is therefore denied.

35.    Denied.

36.    Defendants reincorporate each and every response to the

allegations set forth in paragraphs 1 to 35.

37.    Admitted.

38.    Paragraph 38 calls for a legal conclusion and is therefore denied.

39.    Paragraph 39 calls for a legal conclusion and is therefore denied.

40.    Denied.

41.    Denied.

42.    Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 41.

43.    Admitted.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Paragraph 49 calls for a legal conclusion and is therefore denied.

50.    Denied.

51.    Without knowledge therefore denied.

52.    Denied.

53.    Defendants reincorporate each and every response to the allegations set forth in Paragraphs 1 to 52.

54.    Paragraph 54 calls for a legal conclusion and is therefore denied.

55.    Admitted.

56.    Admitted.

57.    Admitted.

58.    Paragraph 58 calls for a legal conclusion and is therefore denied.

59.     Paragraph 59 calls for a legal conclusion and is therefore denied.

60.     Paragraph 60 calls for a legal conclusion and is therefore denied.

61.     Denied.

62.     Without knowledge therefore denied.

63.     Denied.

64.     Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 63.

65.     Admitted.

66.     Denied.

67.     Denied.

68.     Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 67.

69.     Denied.

70.     Paragraph 70 calls for a legal conclusion and is therefore denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 75.

76.     Admitted.

77.     Denied.

78.     Paragraph 78 calls for a legal conclusion and is therefore denied.

79.     Paragraph 79 calls for a legal conclusion and is therefore denied.

80.     Denied.

81.     Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 80.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 86.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Defendants reincorporate each and every response to the allegations set forth in paragraphs 1 to 92.

94.     Paragraph 94 calls for a legal conclusion and is therefore denied.

95.     Without knowledge and therefore denied.

96.     Denied.

Having answered Plaintiff' Complaint, Defendants Balboa Sun, LLC, Angel R. Rodriguez, Maria Mercedes Rodriguez, and Shary Cabrera assert the following Affirmative Defenses:

1. As and for their first Affirmative Defense, Defendants state that the Plaintiff' Complaint fails to state a claim upon which relief can be granted.

2. As and for their second Affirmative Defense, Defendants state that Plaintiff has sustained no damages, or have failed to mitigate damages.

3. As and for their third Affirmative Defense, Defendants state that any damage suffered by Plaintiff was not proximately caused by Defendants' actions or omissions.

4. As and for their fourth Affirmative Defense, Defendants state that Plaintiff' claims are barred by the equitable doctrine of unclean hands.

5. As and for their fifth Affirmative Defense, Defendants state that Plaintiff's claims are barred by the equitable doctrine of laches.

6. As and for their sixth Affirmative Defense, Defendants state that Plaintiff's claims are barred by the equitable doctrine of waiver.

7. As and for their seventh Affirmative Defense, Defendants state that Plaintiff's claims are barred by the equitable doctrine of estoppel.

8.   As and for their eighth Affirmative Defense, Defendants state that Plaintiff failed to satisfy all conditions precedent to bringing this action.

9.   As and for their ninth Affirmative Defense, Defendants state that Plaintiff has failed to join all necessary parties.

10.   As and for their tenth Affirmative Defense, Defendants state that Plaintiff's claims are barred by the applicable statute of limitations.

11.   As and for their eleventh Affirmative Defense, Defendants state that Plaintiff lacks standing to pursue the instant lawsuit.

12.   As and for their twelfth Affirmative Defense, Defendants states that at all times material to their case, Defendants M. Rodriguez and S. Cabrera had no role in the operation or management of Defendant Baloboa Sun.

13.   As and for their thirteenth Affirmative Defense, Defendants assert that Plaintiff's Complaint represents a shotgun pleading. Paragraphs ¶ 31, 36, 41, 53, 64, 68, 75, 81, 87, 93 each reincorporate and reallege every single preceding paragraph in the entire Complaint against all Defendants, resulting in a pleading that is confusing, conclusory, and riddled with vague statements. Plaintiff's Complaint constitutes a shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) and 10(b).

14.     Defendants reserve each and every affirmative defense which may become known or available throughout this proceeding.

WHEREFORE, Defendants Balboa Sun, LLC, Angel R. Rodriguez, Maria Mercedes Rodriguez, and Shary Cabrera, respectfully request entry of an Order dismissing Plaintiff's Complaint or in the alternatively, a more definite statement, along with such other and further relief as is deemed just by this Court

Respectfully submitted on Monday, May 12, 2025.

**ESQUIVEL LAW, CHARTERED**

_____/s/ Katy Koestner Esquivel_____
Katy Koestner Esquivel
Florida Bar No. 0159484
2335 Tamiami Trail North, Suite 301
Naples, Florida 34103-4457
Telephone: (239)206-3731
Facsimile: (239)431-3942
kke@esquivel-law.com
service@esquivel-law.com
*Attorneys for Defendants.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on Monday, May 12, 2025, the foregoing was filed and served on the following counsel of record by this Court's CM/ECF system:

**FURR AND COHEN, P.A.**
Marc Barmat, Esq.
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Tel: 561.395.0500
Fax: 561.338.7532
mbarmat@furrcohen.com

/s/ Katy Koestner Esquivel
Katy Koestner Esquivel