IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CUSTOM PAK, INC.,

       Plaintiff

vs.                                                       Case No. 1:25-cv-20959-DPG

BALBOA SUN, LLC, ANGEL R.
RODRIGUEZ, MARIA MERCEDES
RODRIGUEZ, and SHARY CABRERA,

       Defendants.
_____/

## DECLARATION IN SUPPORT OF MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

KATE ELLIS, under penalty of perjury, declares and states as follows:

1.      I am an attorney with the Washington, D.C. firm of McCarron & Diess, co-counsel for Custom Pak, Inc. ("Plaintiff"), Plaintiff in the above-captioned action, and make this Declaration in support of Plaintiff's Memorandum in Opposition to Motion to Dismiss.

2.      I am above the age of majority and do not suffer any disability that would disqualify me from testifying under oath. I make this Declaration based upon my own personal knowledge.

3.      I am admitted to practice in Maryland (2004) and the District of Columbia (2022), as well as the federal bars for the U.S. District Court for the District of Maryland (2005), the U.S. District Court for the Eastern District of Michigan (2023), the U.S. Court of Appeals for the Tenth Circuit (2013), and the U.S. Court of Appeals for the Fourth Circuit (2015). My practice focuses on matters arising under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq. For the past two decades, I have represented clients in numerous cases arising under PACA in U.S. District and Bankruptcy Courts in Arizona, California, Connecticut, Delaware, Florida,

Georgia, Idaho, Kentucky, Massachusetts, Maryland, Michigan, Minnesota, Missouri, North Carolina, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Texas, and Utah.

4. In pertinent part, Plaintiff alleges that Defendant Shary Cabrera ("Cabrera") is or was an individual in control of the PACA trust assets of Balboa Sun, LLC ("Balboa") and breached her fiduciary duties owed to Plaintiff under PACA, 7 U.S.C. § 499e(c)(2). *See* Complaint [D.E. 1].

5. On September 22, 2025, Ms. Cabrera, proceeding *pro se*, filed her Motion to Dismiss and attached extrinsic evidence in the form of her Declaration in support. [D.E. 42].

6. To the extent the Motion to Dismiss is treated as a motion for summary judgment under Fed.R.Civ.P. 56(c), such relief is premature under Fed.R.Civ.P. 56(d).

7. On June 17, 2025, Plaintiff served Requests for Production of Documents and Interrogatories ("Discovery Requests") on Defendant Balboa Sun. Among other areas of inquiry, these Discovery Requests asked for information and documentation regarding the ownership and financial control of Balboa Sun, such as company formation records, bank signature cards, tax returns, and identification of all members, managers, and signatories to financial accounts, and the role, title, and duties of Ms. Cabrera. A true and correct copy of the Discovery Requests is attached hereto as **Exhibit A**.

8. Balboa Sun's counsel was permitted to withdraw from this matter on July 16, 2025, prior to the deadline for Balboa Sun to respond to the Discovery Requests. [D.E. 24]. No responses were received to the Discovery Requests, Balboa Sun did not retain counsel in this matter., and default judgment was subsequently entered against Balboa Sun. *See* D.E. 28, 40, & 41.

9. Plaintiff and *pro se* Defendants Angel Rodriguez, Maria Mercedes Rodriguez, and Ms. Cabrera, were then directed to confer on an amended scheduling order and file it by October 4, 2025. [D.E. 40].

10. In her Motion to Dismiss, Ms. Cabrera essentially contends that she was not in a position of control of Balboa Sun and should be dismissed from this case. [D.E. 42]. While framed as a request for dismissal, her motion relies on extrinsic evidence in the form of her Declaration attesting to her purported role at Balboa Sun. Plaintiff currently has some limited information regarding Ms. Cabrera's role as a person with control and authority at Balboa Sun, but it has not had the opportunity to take full discovery and is unable to fully and substantively oppose summary judgment without doing so. Without such discovery, Plaintiff cannot present facts essential to its opposition to summary judgment.

11. Plaintiff intends to develop the following facts through discovery: Ms. Cabrera's control over PACA trust assets by seeking evidence of her check-signing authority, access to and use of company bank accounts, and direction of payments to creditors, including non-trust creditors; Ms. Cabrera's corporate role and responsibilities by seeking evidence of her title, duties, decision-making authority, ability to hire and fire employees, and involvement in financial or operational governance; Ms. Cabrera's knowledge of PACA obligations by seeking evidence showing her awareness of PACA trust duties, receipt of statutory trust notices from suppliers, and communications reflecting knowledge or acknowledgment of trust responsibilities; her handling of trust funds by seeking production of bank records, cancelled checks, and internal accounting records showing the disposition funds impressed with the PACA trust, including payments to secured lenders, insiders, or for Ms. Cabrera's personal benefit; and her mismanagement or dissipation of assets by seeking evidence that Ms. Cabrera commingled PACA trust funds with

other funds, directed payments to non-trust creditors, or diverted assets to related entities or third parties.

12. Based on my extensive experience as an attorney representing clients with claims under the PACA trust, these facts are essential to demonstrate whether Ms. Cabrera exercised control over trust assets, breached her fiduciary obligations under PACA, and caused harm to Plaintiff. Such evidence is uniquely within Defendants' possession, custody, or control, or that of third parties such as banks and accountants, and cannot be obtained without formal discovery. The fact Plaintiff has not had the opportunity to take this discovery is due to the unusual procedural history and posture of this case, not due to any delay or lack of prosecution by Plaintiff.

13. Until Plaintiff has a fair opportunity to obtain this discovery, summary judgment would be premature and would deprive Plaintiff of the chance to develop the factual record necessary to prove its claims.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury and the laws of the District of Columbia that the foregoing is true and correct.

Dated: October 3, 2025.

                                                   McCARRON & DIESS

                                                   By: /s/Kate Ellis
                                                        Kate Ellis
                                                        4530 Wisconsin Ave, NW
                                                        Suite 301
                                                        Washington, DC 20016
                                                        (202) 364-0400
                                                        f/ (202) 364-2731
                                                        kellis@mccarronlaw.com
                                                        *Pro Hac Vice*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CUSTOM-PAK, INC.,                                    Case No. 1:25-cv-20959-DPG

                Plaintiff,

   - against -

BALBOA SUN, LLC, ANGEL R.
RODRIGUEZ, MARIA MERCEDES
RODRIGUEZ, and SHARY CABRERA,

                Defendants.
_____/

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND INTERROGATORIES TO DEFENDANT BALBOA SUN, LLC**

      Plaintiff Custom-Pak, Inc. ("Plaintiff" or "Propounding Party"), by and through undersigned counsel, hereby requests pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the corresponding Local Rules that, within thirty days, defendant Balboa Sun, LLC ("Balboa" or "Responding Party"): (a) respond to the following interrogatories separately and under oath and (b) respond to the requests for production and that Responding Party produce and permit Propounding Party to inspect and copy all materials described below, at the office Marc P. Barmat, Esq., Furr & Cohen, P.A., 2255 Glades Road, Suite 419A, Boca Raton, FL 33431. Alternative arrangements to produce responsive documents or things electronically may be made by contacting undersigned counsel.

**GENERAL STATEMENT & INSTRUCTIONS**

    A.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories, and document requests are deemed to be continuing beyond the date that Responding Party serves its responses upon counsel for Propounding Party. If Responding Party or their representatives

- 1 -

receives or acquires any information and/or documents responsive to these requests after serving responses to these requests, such information and/or documents should be added to the responses to these requests and served upon counsel for Propounding Party.

B.      Each interrogatory and document request should be written out in full before the response to each such interrogatory or document request.

C.      Each interrogatory and document request should be answered separately. When an interrogatory or document request has several subparts, each subpart should also be answered separately.

D.      If a complete answer cannot be given to any interrogatory or document request, Responding Party should answer as much of the request as possible and state why it is unable to give a complete answer to that interrogatory.

E.      All documents, including electronically stored information, shall in the form it is maintained in the usual course of business by the producing party, with best efforts taken to preserve any metadata that may exist in the documents. Absent special circumstances, non-redacted spreadsheets (e.g. Excel, .csv), presentations (e.g. PowerPoint), databases or other documents that cannot be converted into paginated form without material loss of data or meaning shall be produced in native format. Parent-child relationships (the association between e-mails and attachments) shall be preserved. E-mail attachments shall be consecutively produced with the parent e-mail record.

F.      All documents produced should be assigned a Bates number that is unique across the entire document production and is sequential within a given document. If files are produced in native format, a placeholder image shall be included in the production briefly describing the

document and indicating: (1) that the document was produced in native format, and (2) the Bates number of the document.

G.  Documents responsive to these requests include all documents within the possession, custody, or control of Responding Party, its representatives and those acting on Responding Party's behalf.  If any documents responsive to these requests are not within the possession, custody or control of the Responding Party, its representatives or those acting on Responding Party's behalf, and counsel for Propounding Party will need a release to acquire such documents, the Responding Party should provide an appropriate release.

H.  With respect to any document which is responsive to an interrogatory or document request but not within the possession, custody or control of Responding Party, its representatives or those acting on Responding Party's behalf, Responding Party should submit a written statement that: (1) describes the type of document (e.g., letter, memo, etc.); (2) identifies the author; (3) specifies the date written or originated; (4) identifies each person to whom the original or a copy was addressed and/or delivered; and (5) identifies each and every person who has ever had possession of the document.

I.  With respect to any document which is responsive to an interrogatory or document request but for which a privilege is claimed, Responding Party should identify the document as detailed herein, state the privilege claimed, and state the factual and legal basis for the asserted privilege.  Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, such documents should be identified by submitting a written statement which:  (1) describes the type of document (e.g., letter, memo, etc.); (2) identifies the author; (3) specifies the date written or originated; (4) identifies each person to whom the original or a copy was addressed and/or delivered; and (5) identifies each and every person with present possession of the document.

J.   If any document which is responsive to an interrogatory or document request is produced in redacted form, those portions of the document that are redacted should be identified and Responding Party's response should, with respect to each such redaction, identify the basis for each redaction.

K.   With respect to any document which is responsive to an interrogatory or document request that was formerly in the possession, custody or control of Responding Party and has been lost or destroyed, in lieu of each such document, Responding Party should submit a written statement which:  (1) describes in detail the nature of the documents and its contents; (2) identifies the author; (3) specifies the date written or originated; (4) identifies each person to whom the original or a copy was addressed and/or delivered; (5) identifies every other person who has ever had possession of the original or a copy of the documents; and (6) specifies, if possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction, and the person(s) requesting or performing such destruction.

## **DEFINITIONS & RULES OF CONSTRUCTION**

All responses to these interrogatories and document requests should conform to the definitions governing discovery requests set forth in Rules 33 and 34 of the Federal Rules of Civil Procedure, and Propounding Party hereby incorporates the following additional rules of construction, definitions and terms specific to this litigation:

L.   The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

M.   The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P.

34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

N.      When referring to a person, to "Identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

O.      When referring to Documents, to "Identify" means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

P.      The terms "Propounding Party" and "Responding Party" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

Q.      The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

R.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

S.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

T.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

U.  The use of the singular form of any word includes the plural and vice versa.

V.  The use of the past tense form of a word should be construed to include the present tense form and vice versa.

W.  "You", "your" and "yourself" refer to the party to whom the following requests are addressed, and their agents, representatives, officers, directors, affiliates, predecessors and successors in interest, including persons or entities outside of the United States.

X.  A document is within the "possession, custody or control" of Responding Party, its representatives or those acting on Responding Party's behalf, if Responding Party, its representatives or those acting on Responding Party's behalf has the right to secure the document or a copy thereof from another person or entity having actual physical possession thereof.

Y.  The use of the masculine form of a word should be construed to include the feminine and neuter forms and vice versa.

Z.  The use of the past tense form of a word should be construed to include the present tense form and vice versa.

AA.  "PACA" means the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq. as amended.

BB.  "PACA Trust" means the statutory trust arising under PACA, 7 U.S.C. § 499e(c)(2).

CC.  "Produce" means perishable agricultural commodities as defined under PACA and its implementing regulations.  See, 7 U.S.C. § 499a(4); 7 C.F.R. § 46.2(t); 7 C.F.R. § 46.2(u) and 7 C.F.R. § 46.2(v).

DD. "Complaint" means the Complaint filed by Plaintiff on February 28, 2025 (Docket No. 1).

EE. "Answer" means the Answer and Affirmative Defenses to the Complaint filed by Defendants on May 12, 2025 (Docket No. 11).

FF. "Common Ownership and Control" means that two or more entities are owned or controlled by the same entity(ies) or person(s). This includes, but is not limited to (a) direct or indirect ownership of at least fifty percent (50%) of the equity and voting interests in each entity; (b) the same individual(s) or entity(ies) have the power to direct or cause the direction of the management and policies of each entity, whether through ownership of voting securities, by contract, or otherwise; (c) there is overlapping management, such as shared directors, officers, or managers; or (d) the entities share common facilities, employees, or operational resources.

GG. Unless otherwise specified in a particular request, each of the requests set forth below covers the period of time from January 1, 2023, to the date on which Responding Party responds to these combined requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents concerning Balboa's ownership, formation, and organization, including stock certificates, membership certificates and transfer agreements.

2. All Documents which reflect Balboa's application for a PACA license, any renewals thereof, and termination thereof.

3. All bank signature cards and bank statements, including all cancelled checks, check registers, and ledgers for all financial accounts maintained by Balboa during the relevant time period.

4. All balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, and accounts paid records of Balboa, including accounts paid records showing the payees of each ACH made by Balboa.

5. The signed federal and state tax returns for tax years 2022 through 2024 for Balboa.

6. All Documents concerning all notes, mortgages, or loan obligations of Balboa or guaranteed by Balboa from the time the obligation began to the present.

7. All Documents establishing the source of funds used to pay all notes, mortgages, or loan obligations of Balboa or guaranteed by Balboa from the time the obligation began to the present.

8. All Documents establishing the source of funds used by Balboa to purchase and maintain furniture, fixtures, and equipment from the time the property was acquired to the present.

9. All Documents establishing the source of funds used to pay lease obligations of Balboa from the time the lease obligations began to the present.

10. All Documents identified in Responding Party's responses to the Interrogatories.

11. All Documents that support Responding Party's affirmative defenses asserted in the Answer.

12. Any and all Documents Responding Party intends to introduce at trial.

13. All recorded statements from any potential witness Responding Party has obtained.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, and relation to Responding Party of any person or entity who participated in, or was consulted in, the preparation of Responding Party's answers to these Interrogatories.

ANSWER:

**INTERROGATORY NO. 2:** Identify each individual or entity that held an equity interest in Balboa during the relevant time period, stating the equity holder's name, specific time period each equity holder had an ownership interest in Balboa, and percentage share of equity held, identifying all Documents upon which you rely.

ANSWER:

**INTERROGATORY NO. 3:** Identify each of Balboa's officers during the relevant time period, stating the officer's name, specific time period each individual or entity was an officer, and title or office held, identifying all Documents upon which you rely.

ANSWER:

**INTERROGATORY NO. 4:** Identify each of Balboa's members during the relevant time period, stating the member's name, specific time period each individual or entity was a director, and identifying all Documents upon which you rely.

ANSWER:

**INTERROGATORY NO. 5:** Identify each of Balboa's managers during the relevant time period, stating the manager's name, specific time period each individual or entity was a director, and identifying all Documents upon which you rely.

ANSWER:

**INTERROGATORY NO. 6:** Identify each signatory to Balboa's financial accounts during the relevant time period, stating the signatory's name and specific time period each individual or entity was a financial account signatory, identifying all Documents upon which you rely.

ANSWER:

**INTERROGATORY NO. 7**: Explain in detail what role, title, and duties Angel Rodriguez, Maria Mercedes Rodriguez and Shary Cabrera had with Balboa during the relevant time period, identifying all persons with knowledge of the same and all Documents upon which you rely.

ANSWER:

**INTERROGATORY NO. 8:** Identify all companies, corporations, trusts, or other entities that share Common Ownership and Control with Responding Party, providing (a) the full legal name of the entity; (b) the names and positions of individuals who have Common Ownership and Control in both Responding Party and the identified entity; and (c) a description of the

relationship between Responding Party and the identified entity, including the basis for common ownership and control (e.g., shared ownership percentages, common management, shared resources).

ANSWER:

**INTERROGATORY NO. 9**: Explain in detail the relationship between Balboa and Productores Balboa Internacionales, Inc. during the relevant time period, including identifying any common shareholders or equity holders, officers and/or directors.

ANSWER:

**INTERROGATORY NO. 10**: Identify any assets exchanged or transferred between Balboa and Productores Balboa Internacionales, Inc. during the relevant time period.

ANSWER:

**INTERROGATORY NO. 11**: Explain in detail the relationship between Balboa and Balboa Sun International Corp. during the relevant time period, including identifying any common shareholders or equity holders, officers and/or directors.

ANSWER:

**INTERROGATORY NO. 12**: Identify any assets exchanged or transferred between Balboa and Balboa Sun International Corp. during the relevant time period.

ANSWER:

**INTERROGATORY NO. 13:** Identify each and every and every parent, subsidiary and/or affiliate of Balboa.

ANSWER:


**INTERROGATORY NO. 14:** Identify all persons who may be potential witnesses in this case who have provided you with recorded or sworn statements.

ANSWER:

Dated this 17th day of June, 2025.

        MCCARRON & DIESS

        */s/ Kate Ellis*

        _____
        Kate Ellis
        4530 Wisconsin Avenue, N.W., Suite 301
        Washington, D.C. 20016
        Tel:    (202) 364-0400
        Fax:   (202) 364-2731
        Email: kellis@mccarronlaw.com
        *Pro Hac Vice*

        -and-

        Marc P. Barmat
        Florida Bar No. 22365
        FURR AND COHEN, P.A.
        Attorney for Plaintiff
        2255 Glades Road, Suite 419A
        Boca Raton, FL 33431
        Telephone: (561) 395-0500
        Facsimile: (561) 338-7532
        E-mail: mbarmat@furrcohen.com
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2025, the foregoing was served on counsel for Defendants Katy Koestner Esquivel, Esq. via email to kke@esquivel-law.com; service@esquivel-law.com and via U.S. mail, postage prepaid, to

Katy Koestner Esquivel
Esquivel Law, Chartered
2335 Tamiami Trail North, Suite 301
Naples, Florida 34103-4457

_____
Kate Ellis