

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CUSTOM PAK, INC.,**

    Plaintiff,

v.                     Case No. 1:25-cv-20959-DPG

BALBOA SUN, LLC, ANGEL R. RODRIGUEZ,

MARIA MERCEDES RODRIGUEZ, and

SHARY CABRERA,

    Defendants.

**REPLY IN SUPPORT OF DEFENDANT SHARY CABRERA'S MOTION TO DISMISS**

Defendant Shary Cabrera, appearing pro se, respectfully submits this Reply in support of her Motion to Dismiss the claims against her. The Complaint alleges, in conclusory fashion, that Ms. Cabrera "controlled" payments or PACA trust assets. It pleads no facts showing she had bank signatory authority, power over disbursements, access to company financials, or decision-making authority. As pled, the claims against Ms. Cabrera fail as a matter of law and should be dismissed.

**I. The Court Should Resolve the Motion at the Pleadings Stage and Disregard Extrinsic Materials.**

Plaintiff urges conversion to summary judgment based on Ms. Cabrera's declaration. Ms. Cabrera's motion challenges the sufficiency of the pleadings; the Court may treat it under Rule 12(b)(6) or 12(c) and disregard materials beyond the Complaint. Even accepting Plaintiff's allegations as true, mere labels that Ms. Cabrera "controlled" trust assets—without factual content showing authority over bank accounts, payment decisions, or PACA trust funds—do not state a claim.

## II. Plaintiff's Opposition Identifies Aspirational Topics, Not Specific Facts Warranting Rule 56(d) Relief.

If the Court considers materials outside the pleadings, Plaintiff seeks discovery under Rule 56(d). But its declaration offers only a wish-list of topics it hopes to explore (e.g., titles, emails, bank authority), not specific facts it expects to uncover that would create a genuine dispute that Ms. Cabrera personally controlled PACA trust assets. Rule 56(d) requires more than a fishing expedition.

## III. Communications and Job Title Do Not Establish Fiduciary Control.

Plaintiff cites emails and a job title to imply control. Administrative communications—such as coordinating logistics or relaying discussions—do not equate to legal authority over disbursements or trust assets. A job title, standing alone, cannot impose personal liability without facts showing actual decision-making authority, bank signatory status, or control over payments.

## IV. If Plaintiff Needs Information From Ms. Cabrera, the Rules Provide Non-Party Mechanisms.

Even if Plaintiff seeks information from Ms. Cabrera, that is not a basis to keep her as a defendant. The Federal Rules allow discovery from non-parties via subpoena or deposition. Keeping a clerical employee in the case as a party to facilitate discovery is improper and unduly prejudicial.

## V. Alternative: Any Discovery Should Be Narrowly Tailored and Ms. Cabrera's Obligations Stayed.

Only if the Court is inclined to allow limited discovery should it be strictly confined to discrete issues (e.g., whether Ms. Cabrera held bank signatory authority or personal control over disbursements), with all other obligations for Ms. Cabrera stayed pending a ruling on the motion.

## CONCLUSION

For the foregoing reasons, Ms. Cabrera respectfully requests that the Court dismiss the claims against her. In the alternative, should the Court permit any discovery, it should be

narrowly tailored and Ms. Cabrera's obligations otherwise stayed pending the Court's decision.

Dated: October 6, 2025

Respectfully submitted,

_[signature]_

Shary Cabrera (pro se)

6480 NW 191st Terrace

Hialeah, FL 33015

Email: sharycabrera@gmail.com

Phone: 305.610.6016

**CERTIFICATE OF SERVICE**

I certify that on the date below I served the foregoing by U.S. Mail and by email upon Plaintiff's counsel:

   Kate Ellis, Esq., McCarron & Diess, 4530 Wisconsin Ave. NW, Ste. 301, Washington, DC 20016;

   Email: kellis@mccarronlaw.com

   Marc P. Barmat, Esq., Furr and Cohen, P.A., 2255 Glades Road, Suite 419A, Boca Raton, FL 33431;

   Email: mbarmat@furrcohen.com

Dated: October 6, 2025

_[signature]_

Shary Cabrera

I hereby certify that a true and correct copy of the foregoing Notice of Filing and Motion for Dismissal were served by U.S. Mail and by email to the following on this 6 day of October, 2025:

Kate Ellis, Esq.
McCarron & Diess
4530 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Email: kellis@mccarronlaw.com

Marc P. Barmat, Esq.
Furr and Cohen, P.A.
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Email: mbarmat@furrcohen.com

_____
Shary Cabrera
Pro Se Defendant

