UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CUSTOM-PAK, INC.,                                    Case No. 1:25-cv-20959-DPG

　　　　　　　Plaintiff,

- against -

BALBOA SUN, LLC, ANGEL R.
RODRIGUEZ, MARIA MERCEDES
RODRIGUEZ, and SHARY CABRERA,

　　　　　　　Defendants.
_____/

**PLAINTIFF'S NOTICE OF SERVICE OF SUBPOENA DUCES TECUM ON NEWTEK BANK, NATIONAL ASSOCIATION**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, Plaintiff Custom-Pak, Inc., by and through its undersigned counsel, intends to serve the subpoena attached hereto as Exhibit 1 upon Newtek Bank, National Association. This notice is provided pursuant to Fed. R. Civ. P. 45(a)(4).

Dated this 6th day of November, 2025.

　　　　　　　　　　　　　　　　　　　　MCCARRON & DIESS

　　　　　　　　　　　　　　　　　　　　*[signature: Kate Ellis]*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Kate Ellis
　　　　　　　　　　　　　　　　　　　　4530 Wisconsin Avenue, N.W., Suite 301
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20016
　　　　　　　　　　　　　　　　　　　　Tel:　(202) 364-0400
　　　　　　　　　　　　　　　　　　　　Fax:　(202) 364-2731
　　　　　　　　　　　　　　　　　　　　Email: kellis@mccarronlaw.com
　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice*

　　　　　　　　　　　　　　　　　　　　-and-

Marc P. Barmat
Florida Bar No. 22365
FURR AND COHEN, P.A.
Attorney for Plaintiff
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
E-mail: mbarmat@furrcohen.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 6, 2025, the foregoing PLAINTIFF'S NOTICE OF SERVICE OF SUBPOENA DUCES TECUM ON NEWTEK BANK, NATIONAL ASSOCIATION was served via email and first class mail, postage prepaid, on the Defendants as follows:

Angel R. Rodriguez
9383 NW 13th Street
Doral, FL 33172
arodriguez@balboasun.com

Maria Mercedes Rodriguez
9383 NW 13th Street
Doral, FL 33172
mrodriguez@balboasun.com

Shary Cabrera
6480 NW 191st Terr
Hialeah, FL 33015
sharycabrera@gmail.com

*[signature: Kate Ellis]*

_____
Kate Ellis

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| _____ *Plaintiff* | )<br>)<br>) | |
| v. | ) | Civil Action No. |
| _____ *Defendant* | )<br>)<br>) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          *Kate Ellis*
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CUSTOM PAK, INC.,

        Plaintiff

vs.                                        Case No. 1:25-cv-20959-DPG

BALBOA SUN, LLC, ANGEL R.
RODRIGUEZ, MARIA MERCEDES
RODRIGUEZ, and SHARY CABRERA,

        Defendants.
_____/

**ADDENDUM TO SUBPOENA TO
PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

    **To:**    **Newtek Bank, National Association ("Responding Party")**

    **PLEASE TAKE NOTICE** that Custom Pak, Inc. ("Plaintiff"), by and through undersigned counsel, hereby requests pursuant to Fed. R. Civ. P. 45 that Responding Party produces at the time, date, and place set forth in the accompanying subpoena, the following documents, electronically stored information (which shall be produced in the form it is maintained by you in the usual course of business) or objects, and permit their inspection and copying of the following:

    1.    Any and all documents or things, in the possession, custody or control of Responding Party, Responding Party's agents and representatives, and all persons acting for Responding Party, which record, memorialize, concern or relate to bank accounts maintained with Responding Party (the "Accounts") belonging to Balboa Sun, LLC ("Balboa"), including but not limited to:

        (a)    Monthly account statements,
        (b)    Copies of canceled checks,
        (c)    Wire transfer records with transaction-level detail including originator/beneficiary names, account numbers, dates, and amounts ("Transaction Details"),
        (d)    ACH records transaction-level detail including Transaction Details,
        (e)    Deposit receipts,
        (f)    Signature cards,
        (g)    Debit card agreements, and
        (h)    Opening account agreements

2. Any and all documents or things, in the possession, custody or control of Responding Party, Responding Party's agents and representatives, and all persons acting for Responding Party, which record, memorialize, concern or relate to the lending relationship between Responding Party and Balboa, including but not limited to:

    (a) Proposals,
    (b) Agreements, including draft and final documents,
    (c) Guarantees,
    (d) Notes,
    (e) Documents which Responding Party would contend establish that the Responding Party has or had a security interest in assets of Balboa,
    (f) Invoices and accounts receivables assigned, pledged, or transferred by Balboa to Responding Party,
    (g) Lists of invoices assigned, pledged or transferred to Responding Party by Balboa,
    (h) Records for all funds transferred from Responding Party to Balboa, including but not limited to wire transfer and ACH records and canceled checks, with Transaction Details,
    (i) Records for all funds transferred from Balboa to Responding Party, including but not limited to wire transfer and ACH records and check copies, with Transaction Details,
    (j) Records for all funds transferred to Responding Party on behalf of Balboa, including but not limited to wire transfer and ACH records and check copies, with Transaction Details,
    (k) Records for all funds transferred from every account receivable of Balboa to Responding Party, including but not limited to wire transfer and ACH records and check copies, with Transaction Details,
    (l) Account statements produced by Responding Party, whether sent to Balboa or used internally, that show amounts due from, amounts advanced to, and payments received from Balboa,
    (m) Credit reports, credit-worthiness analyses, internal compliance, risk, or fraud investigation reports regarding Balboa collected or generated by Responding Party,
    (n) Applications submitted to Responding Party by Balboa for loans or credit of any kind,
    (o) Documents related to approval of any Agreements or Loans with Balboa,
    (p) Documents related to Responding Party's enforcement of any security interest in assets of Balboa, and
    (q) All communications (including emails, letters, and internal memos) between Responding Party and Balboa or its representatives concerning the Accounts or lending relationship.

for the period of time from May 1, 2023, through the date of this Responding Party's response (the "Relevant Time Period").